**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

<hr>

**No. 08-4354**

<hr>

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEONARD ANDRE HUDSON, a/k/a Steven Orlando Hudson, a/k/a
Dantee Keys,

        Defendant - Appellant.

<hr>

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, Chief
District Judge. (1:07-cr-00016-jpj-pms-1)

<hr>

Submitted: April 2, 2010        Decided: April 21, 2010

<hr>

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

<hr>

Affirmed by unpublished per curiam opinion.

<hr>

Larry W. Shelton, Federal Public Defender, Christine Madeleine
Lee, Research and Writing Attorney, Roanoke, Virginia, for
Appellant.  Julia C. Dudley, United States Attorney, Jennifer R.
Bockhorst, Assistant United States Attorney, Abingdon, Virginia,
for Appellee.

<hr>

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Andre Hudson was convicted by a jury of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841 (2006), possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2006), and possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). The district court imposed a sentence of 188 months of imprisonment, and Hudson timely appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Hudson's motion to suppress. In his pro se supplemental briefs, Hudson repeats counsel's argument that the district court erred in denying his motion to suppress. He also asserts claims that his right to a speedy trial was violated; he was not brought before a magistrate within seventy-two hours of arrest as required by Fed. R. Crim. P. 5; the evidence was insufficient to establish that he possessed the drugs and firearm; the district court abused its discretion in denying his motion to discharge counsel and for a continuance; his Sixth Amendment rights were violated when he was forced to proceed to trial with counsel who labored under an

2

actual conflict of interest; the district court improperly increased his offense level based on prior uncounseled convictions; the district court abused its discretion in overruling his objection to an enhancement for obstruction of justice; and that his Confrontation Clause rights were violated by the admission of laboratory reports without making the analysts available for cross-examination. The Government declined to file a brief.

This court reviews the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, this court reviews the evidence in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009). This court gives due regard to the district court's opportunity to judge the credibility of witnesses "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 1312 (2009). An inventory search is an exception to the Fourth Amendment warrant requirement. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009). "For an inventory search to be lawful, the vehicle searched must be in

3

the lawful custody of the police." <u>United States v. Murphy</u>, 552 F.3d 405, 412 (4th Cir. 2009). Our review of the record leads us to conclude that the district court did not err in denying Hudson's motion to suppress.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We have also considered the claims asserted in Hudson's pro se supplemental briefs and conclude that they do not entitle him to relief. We therefore affirm Hudson's convictions and sentence. This court requires that counsel inform Hudson, in writing, of the right to petition the Supreme Court of the United States for further review. If Hudson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hudson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4